**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-4673**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TALAMETRIUS KENYON SPRUILL,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Richard E. Myers, II, Chief District Judge.  (4:23-cr-00041-M-BM-1)

─────────────

Submitted:  May 28, 2026                            Decided:  June 1, 2026

─────────────

Before WYNN, QUATTLEBAUM, and HEYTENS Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  G. Alan Dubois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Katherine Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Talametrius Kenyon Spruill appeals the 180-month sentence imposed after a federal jury found him guilty of possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. On appeal, Spruill challenges the district court's application of a cross-reference for attempted first-degree murder in calculating Spruill's base offense level under the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual §§ 2A2.1(a), 2K2.1(c) (2023). Using the base offense level derived from application of the cross-reference, the Guidelines range was 292 to 365 months, capped at 180 months by the statutory maximum sentence; if the cross-reference did not apply, Spruill contends that the Guidelines range would have been 57 to 71 months' imprisonment. For the following reasons, we affirm.

A Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified). Here, the district court explicitly stated that a 180-month sentence was warranted under the relevant 18 U.S.C. § 3553(a) factors and that it would impose the same sentence as a variance even if it had miscalculated the Guidelines range based upon the factors the court discussed at the sentencing hearing. Because the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), we conclude that the first prong of the assumed error harmlessness inquiry is satisfied.

2

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed error. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a).

Spruill's 180-month sentence is 109 months longer than the top of the Guidelines range that would have applied had his objection to the application of the attempted first-degree murder cross-reference been sustained. As the district court explained, an upward variance was warranted in light of the seriousness of Spruill's offense, which involved shooting his firearm four times in the direction of a police officer. The court also emphasized Spruill's criminal history and characteristics and the need to protect the public from further criminal conduct by Spruill. Based on the factors the court identified, we conclude that Spruill's sentence is substantively reasonable, and consequently, that any miscalculation of Spruill's Guidelines range is harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*